I'm not quite alone, Your Honor. I just mean that your adversary is out of submission. Understood, Your Honor. So that means no rebuttal. The floor is all yours for five minutes. Thank you, Your Honor. And with that in mind, and given that I have five minutes to go through basically three issues, I wanted to just touch briefly on the new trial issue is governed by the Freeman case, as mentioned in the briefs. The remitter issue, I notice Judge LaValle is here on the panel, is something that we discussed raising the Stamp case, Stamp v. LIRR. And in this situation, the trial court, district court, did not conduct an examination of similar cases as required under New York law to determine Why would you need to? This is just an application of a pretty simple formula, right? You just need to plug in hours worked and the rate of pay, and then you come up with a number, right? That's correct, Your Honor, but even that analysis was not performed in conformance with reflecting other New York cases. But other New York cases? I don't understand the difference. If other New York cases had the same hours and the same rate of pay, you'd need to compare them to make sure that they came out the same? I'm reading directly from the Stamp case to determine whether a jury award is excessive within the meaning of Section 5501C. The New York courts compare it with awards in similar cases. Okay, but look, there are some cases where you have to, the jury just sort of came up with a number about pain and suffering, or they came up with a number about what damages were for a breach of a contract. But this is one where it's a pretty arithmetic calculation. It is a math-driven occasion, but that analysis did not take place. Turning to the main discussion point, Your Honor, and this is, I think, a matter that really parallels the Katzen case that was before this court. And if one looks at the three orders from Judge Amon that are really at the core of the discussion about Katzen, these are the two orders that came down on April the 6th, and finally, as well as an order relating to the motion to dismiss itself, which is the second order on April the 6th, 2023. We do not see any analysis whatsoever of the Cohill factors, the factors that, in the usual case, would require a matter such as this one, which started off with a combination of both FLSA federal question claims and New York law. And after the dismissal of those FLSA claims, was confined to state court. As Cohill mentioned, the usual matter would have the case dismissed. Well, no, not the eve of trial, it wouldn't. I mean, most of the cases you're citing go the other way. There are situations where the court, without explanation, tossed it back to state court, and that was deemed to be an abuse of discretion or at least remanded for further findings. But this is a situation where the judge, with admittedly not a lot of explanation, concluded that, okay, well, we're all set for trial. We've been doing this for three years, and so we're going to go to trial on the state law claims. Well, two things on that. First, we actually got an order from Judge Amon prior to the filing of any motion to dismiss that would tend to chill the filing of that. That, I think, would parallel what the court encapsulated. But that was because of, I guess, a preemptive letter from the plaintiff, right? Well, it was after. It was because you guys were quibbling as to what you would sign or what the effect would be of the stipulation. So they fronted it to Judge Amon, who said, listen, we're going to trial either way, so be prepared. Fair? That's what. And that prompted you to make your motion. Well, Your Honor, that motion was prepared to be filed. In any event, that's why I said preemptive. But either way, what difference does it make when we look at the factors that a court should consider? Is there any reason to think that this wasn't an appropriate decision? Well, first of all, we don't have any of it. There seems to be a very formalistic argument that because she didn't say the magic words, we should send it back and ask her to do that. Well, that's what Katzen suggests, that there should be an opportunity to be heard and briefed, and that did not happen. And, in fact, when the appellants asked for that argument at the invitation of Judge Amon in her first April 6th order, that discussion did not even take place. So if we're going to be – But Katzen's the opposite situation, right? That's a case that's primed to go to trial, and then it gets bounced and told to start all over again in state court. This is a situation where everybody's poised to go to trial, and the judge just says, yeah, we're going to trial. But there's nothing in the Katzen decision to suggest that the door only swings one way. The Katzen decision preserves the right to be heard with regard to this and insists that district courts – Okay, so what are the arguments, then, to be made as to why a district court should dismiss on the eve of trial claims that basically overlap with the federal claims that have happened? Well, we still have the other factors under COVID. We still have convenience, fairness, and comedy, none of which are discussed at all. But how do they cut in your favor on these facts? Well, we don't know without an analysis. We're here now. So you tell me. Give me your best argument as to how any of those things cut in favor of dismissing and sending it back to square one on the state court. New York state courts are far more familiar with these claims, far more familiar with dealing with the – Is this something beyond the ken of a federal district court? I'm not suggesting it's beyond, Your Honor. I'm suggesting that New York courts are more familiar with that and more accustomed to making the announcements. The issue facing the district judge, Judge Ammon, the question before Judge Ammon was am I going to have a trial trying two different theories that are almost identical, maybe have slight variations between them? Wouldn't that be just unnecessarily confusing? So we're going to try one of them. We're going to try the state one and not try the federal one. And the idea that we would now overturn that and say, no, she was required. If she wanted to try the state one, she had to try the federal one too so there would be two simultaneous trials going on where the standards were almost the same but not exactly the same. Wouldn't that be very silly? This was just a practical decision that made a whole lot of sense. Well, there were also issues that were raised regarding the statute of limitations issues for FLSA, which as you can see in the first order that's referenced that came out on April the 5th, that was what was disposed of as a result of the voluntary dismissal of the first count, the FLSA count as well. So there was more practical impact than you're suggesting, Your Honor. Well, so that was simplification. Try the state one. And presuming that is the case, Your Honor, that would only address one of the four COHO factors. In Katzen, this court has asked the district courts to undertake the inquiry and carefully evaluate the relevant factors. We don't have anything on the record that those factors would concern. But we do have a record. Yes, we do. We don't have anything on the record showing that Judge Ammon sort of dutifully ticked them off. But we do have a record that would allow us to tick them off, right? I believe if this court is to substitute the judgment of Judge Ammon, our- Judicial economy, convenience, fairness, and comedy. I mean, how are any of those lining up in your direction? It seems to me that our case law is very clear that New York-that federal courts are fully capable of managing New York labor law. They often do. These cases typically, like this one, come with both federal and state claims, right? That's correct. And in Katzen, the district court actually went through a COHO analysis, something that we don't have here. Well, that's right. In Katzen, that's only, I think, a cut against you. Wage and hour cases like this one are quotidian. And federal courts are well experienced in presiding over them. Why would that not be equally applicable here? If we had a record of that finding by Judge Ammon, I would accept that. I understand. It's a formalistic argument. I would add just one thing, Your Honor. There's reference in the appellee's brief to the Kroshny case as another example of why this appeal should fail with regard to the motion to dismiss issue. It should be noted that there was no objection before the trial court to the exercise of jurisdiction. The issue regarding exercise of jurisdiction only arose at the appellate level. Well, thank you, Mr. Curley. We will reserve decision. Okay. Thank you, Your Honor.